John Troy (JT 0481)
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and*
*potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT COURT OF NEW YORK**
 --------------------------------------------------------------x

JINXIONG CHEN
    a/k/a Jason Chen and
CHANYIN LAU
    a/k/a Jack Lau,
*on behalf of themselves and others similarly situated,*

                Plaintiffs,

        v.

DUN HUANG CORP
    a/k/a Dun Huang Corporation
    d/b/a Dun Huang East Village
    d/b/a Dun Huang Grand Central,
DH NEWLAND CORP
    d/b/a Dun Huang East Village
    d/b/a Dun Huang Upper West,
DUN HUANG NEW YORK CORP.
    d/b/a Dun Huang Grand Central,
DUN HUANG NEWLAND CORP
    d/b/a Dun Huang
    d/b/a Miss Noodle,
NEW YORK DUN HUANG INC
    d/b/a Dun Huang
    d/b/a Dun Huang Brooklyn,
LANZHOU BEEF NOODLE INC
    d/b/a Dun Huang Lanzhou Beef Noodle
    d/b/a Dun Huang Flushing,
JOHN DOE CORP.
    d/b/a Dun Huang Lanzhou Beef Noodle
    d/b/a Dun Huang Edison,
YANG LIU,
HONG JI,
SHIYANG LI,
ZHONGQI BIAN,
SIWEN LIU, and

No. 19-cv-11883 (GBD)

29 U.S.C. § 216(b)
COLLECTIVE ACTION & FED.
R. CIV. P. 23 CLASS ACTION

**FIRST AMENDED**
**COMPLAINT**


HAIJUN LU,

                              Defendants.

-----------------------------------------------------------------x

  Plaintiffs JINXIONG CHEN a/k/a Jason Chen and CHANYIN LAU a/k/a Jack Lau (here-inafter referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison, YANG LIU, HONG JI, SHIYANG LI, ZHONGQI BIAN, SIWEN LIU, and HAIJUN LU, (hereinafter referred to as "Defendants") and allege as follows:

## **INTRODUCTION**

  1.  This action is brought by the Plaintiffs, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Stand-ards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), N.Y. Lab. L., arising from Defendants' various willful and unlawful employment policies, patterns and practices.

  2.  Upon information and belief, Defendants have willfully and intentionally commit-ted widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek, and further by engaging in a policy and practice of retaining tips earned by the employees, including Plaintiffs, for themselves.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) the full portion of tips intended for Dun Huang waiters but which were unlawfully retained by Defendants, (4) prejudgment and post-judgement interest, and (5) attorney's fees and cost.

4.      Plaintiffs further allege pursuant to NYLL §§ 650 *et seq.* and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) the full portion of tips intended for Dun Huang waiters but which were unlaw-fully retained by Defendants, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Southern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.     From on or about January 29, 2019 through on or about June 6, 2019 Plaintiff JINXIONG CHEN a/k/a Jason Chen was employed by Defendants to work as a waiter at 320 Lexington Ave, New York, 10016.

8.     From on or about March 13, 2019 through on or about September 26, 2019, Plaintiff CHANYIN LAU a/k/a Jack Lau was employed by Defendants to work as a waiter at 320 Lexington Ave, New York, 10016.

## DEFENDANTS

### *Corporate Defendants*

9.     Defendant DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central is a domestic business corporation organized under the laws of the State of New York with principal addresses at 300 E 12th Street, New York, NY 10013 ("Dun Huang East Village") and 320 Lexington Avenue, New York, NY 10016 ("Dun Huang Grand Central").

10.     Defendant DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West is a domestic business corporation organized under the laws of the State of New York with principal addresses at Dun Huang East Village and 1268 Amsterdam Avenue, New York, NY 10027 ("Dun Huang Upper West").

11.     Defendant DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central is a domestic business corporation organized under the laws of the State of New York with a principal address at Dun Huang Grand Central.

12.     Defendant DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle is a domestic business corporation organized under the laws of the State of New York with a principal address at 531 Myrtle Avenue, Brooklyn, NY 11205 ("Miss Noodle").

13.     Defendant NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn is a domestic business corporation organized under the laws of the State of New York with a principal address at 817 60th Street, Brooklyn, NY 11220 ("Dun Huang Brooklyn").

14.     Defendant LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing is a domestic business corporation organized under the laws of the State of New York with a principal address at 136-93 37th Avenue, Flushing, NY 11354 ("Dun Huang Flushing").

15.     Defendant JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison is a foreign business corporation organized under the laws of the State of New Jersey with a principal address at 1717 NJ-27, Edison, NJ 08817 ("Dun Huang Edison").

*Individual Defendants*

16.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants and insofar as they are among the ten largest shareholders of New York corporations, are individually responsible for unpaid wages owed by those corporations under the Section 630(a) of the New York Business Corporation Law.

17.     YANG LIU is known to Plaintiff JINXIONG CHEN a/k/a Jason Chen to have been among the people who delegated (1) the power to hire and fire employees, (2) the task of supervising and controlling employee work schedules and conditions of employement, (3) the task of determining the rate of method of payment, and (4) the task of maintaining employee records at Dun Huang Grand Central to the day-to-day manager of Dun Huang Grand Central, who is known to Plaintiff JINXIONG CHEN a/k/a Jason Chen as "Andy." YANG LIU is known to

Plaintiff JINXIONG CHEN a/k/a Jason Chen as the "big boss."

18.     YANG LIU is also the liquor license principal for DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle. As principal of a liquor license for consumption on the premises, YANG LIU is either an owner of DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle or in control or possession of its premises and in either case in control of the employees therein. Accordingly, during regular business hours, upon information and belief, YANG LIU acted as a manager of Miss Noodle and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Miss Noodle.

19.     YANG LIU is also, along with HONG JI, a liquor license principal for both of the liquor licenses held by DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West: for Dun Huang East Village and Dun Huang Upper West. As a co-principal of liquor licenses for consumption on the premises, YANG LIU is either an owner of DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West or in control or possession of the premises at Dun Huang East Villange and Dun Huang Upper West and in either case is in control of the employees therein.

20.     YANG LIU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun

Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a
Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun
Huang Edison.

21.     HONG JI is the the registered agent for service of process for LANZHOU BEEF
NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and is not an
outside agent because the registered agent address for accepting service of process is 136-93 37th
Avenue, Flushing, NY 11355, the address of Dun Huang Flushing. HONG JI is also the liquor
license principal for LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle
d/b/a Dun Huang Flushing. As registered agent, HONG JI would have been present at the premises
of Dun Huang Flushing during regular business hours. As principal of a liquor license for
consumption on the premises, HONG JI is either an owner of LANZHOU BEEF NOODLE INC
d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing or in control or possession of
its premises and in either case in control of the employees therein. Accordingly, during regular
business hours, upon information and belief, HONG JI acted as a manager of Dun Huang Flushing
and (1) had the power to hire and fire employees, (2) supervised and controlled employee work
schedules or conditions of employment, (3) determined the rate and method of payment, and (4)
maintained employee records at Dun Huang Flushing.

22.     HONG JI is also, along with YANG LIU, a liquor license principal for both of the
liquor licenses held by DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang
Upper West: for Dun Huang East Village and Dun Huang Upper West. As a co-principal of liquor
licenses for consumption on the premises, HONG JI is either an owner of DH NEWLAND CORP
d/b/a Dun Huang East Village d/b/a Dun Huang Upper West or in control or possession of the
premises at Dun Huang East Villange and Dun Huang Upper West and in either case is in control

of the employees therein.

23.    HONG JI is also the owner of two trademarked "Dun Huang" logos, with serial numbers 87160656 and 88725510. Upon information and belief, these logos are currently and/or were formerly used on signage and menus to unify the branding among Dun Huang locations, and on Dun Huang's common website.

24.    HONG JI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison.

25.    SHIYANG LI is known to Plaintiff CHANYIN LAU a/k/a Jack Lau to have been among the people who delegated (1) the power to hire and fire employees, (2) the task of supervising and controlling employee work schedules and conditions of employement, (3) the task of determining the rate of method of payment, and (4) the task of maintaining employee records at Dun Huang Grand Central to the day-to-day manager of Dun Huang Grand Central, who is known to Plaintiff CHANYIN LAU a/k/a Jack Lau as "Andy." SHIYANG LI is known to Plaintiff CHANYIN LAU a/k/a Jack Lau as the "boss."

26.    SHIYANG LI acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison.

27.     ZHONGQI BIAN is the registered agent for service of process for NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, and is not an outside agent because the registered agent address for accepting service of process is 817 60th Street, Brooklyn, NY 11220, the address of Dun Huang Brooklyn. ZHONGQI BIAN is also the liquor license principal for NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn. As registered agent, ZHONGQI BIAN would have been present at the premises of Dun Huang Brooklyn during regular business hours. As principal of a liquor license for consumption on the premises, ZHONGQI BIAN is either an owner of NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn or in control or possession of its premises and in either case in control of the employees therein. Accordingly, during regular business hours, upon information and belief, ZHONGQI BIAN acted as a manager of Dun Huang Brooklyn and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Dun Huang Brooklyn.

28.     ZHONGQI BIAN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison.

29.     SIWEN LIU is the registered agent for service of process for DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village, and is not an outside agent because the registered agent address for accepting service of process is 300 E 12th Street, New York, NY 10003, the address of Dun Huang East Village. As registered agent, SIWEN LIU would have been present at the premises of Dun Huang East Village during regular business hours. During that time, upon information and belief, SIWEN LIU acted as a manager of Dun Huang East Village and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Dun Huang East Village.

30.     SIWEN LIU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH

NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison.

31.     HAIJUN LU is the registered agent for service of process for DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle and is not an outside agent because the registered agent address for accepting service of process is 531 Myrtle Avenue, Brooklyn, NY 11205, the address of Miss Noodle. As registered agent, HAIJUN LU would have been present at the premises of Miss Noodle during regular business hours. During that time, upon information and belief, HAIJUN LU acted as a manager of Miss Noodle and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Miss Noodle.

32.     HAIJUN LU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a

Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison.

## STATEMENT OF FACTS

### *Defendants Constitute an Enterprise*

33.      Upon information and belief, Corporate Defendants DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central, DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle, NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn, LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Edison together operate a single enterprise within the meaning of Section 203(r) of the FLSA, inasmuch as:

    a.      The Corporate Defendants' operations are highly interrelated. For instance, DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central maintains its principal office in Dun Huang East Village but issues checks and W-2 forms to employees working at Dun Huang Grand Central, including Plaintiffs. On its checks, DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central lists its address at Dun Huang Grand Central, but on its W-2s lists its address at Dun Huang East Village. DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central holds the permits to operate a food service establishment for both Dun Huang East Village and Dun Huang Grand Central. For another instance, DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West maintains

its principal office in Dun Huang Upper West but holds the liquor licenses for both Dun Huang East Village and Dun Huang Upper West. For a third instance, DUN HUANG NEW YORK CORP. d/b/a Dun Huang Grand Central maintains its principal offices in Dun Huang Grand Central even as DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central pays the employees of Dun Huang Grand Central.

b.      The Corporate Defendants centralized control of their labor relations. Upon information and belief, DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central maintained a centralized database of employees and paid employees and kept employee records for all employees, no matter where they worked.

c.      Corporate Defendants shared common management. SHIYANG LI and YANG LIU, were the principal bosses who delegated the authority to hire and fire employees to on-site managers, and SHIYANG LI disbursed to managers pay to be distributed to employees.

d.      Similarly, the Corporate Defendants had common owners, including upon information and belief SHIYANG LI, SIWEN LIU, HONG JI, YANG LIU, HAIJUN LU, and ZHONGQI BIAN. SHIYANG LI, as detailed above, distributed checks in the name of DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central to the manager at Dun Huang Grand Central, indicating access to the corporate bank account. HONG JI owns two "Dun Huang" trademarks, with serial numbers 8710656 and 88725510. HONG JI, YANG LIU, and ZHONGQI BIAN are each liquor license principals for one or more of the Corporate Defendants: HONG JI and

YANG LIU for DH NEWLAND CORP d/b/a Dun Huang East Village d/b/a Dun Huang Upper West's licenses at both Dun Huang East Village and Dun Huang Upper West; HONG JI for LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing; YANG LIU for DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle at Miss Noodle; and ZHONGQI BIAN for NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn at Dun Huang Brooklyn. Being a liquor license principal indicates, by the terms of the New York Alcoholic Beverage Control Law, ownership or control over a business and ability to supervise employees to ensure compliance with the law. SIWEN LIU and HAIJUN LU are registered agents of DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang East Village d/b/a Dun Huang Grand Central and DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle at Miss Noodle respectively; ZHONGQI BIAN is the registered agent of NEW YORK DUN HUANG INC d/b/a Dun Huang d/b/a Dun Huang Brooklyn at Dun Huang Brooklyn in addition to being its liquor license principal.

e.      Additionally, Corporate Defendants advertise their chain of noodle shops as an enterprise, with a common website, similar menu, near-identical décor and identical branding.

f.      Further, Corporate Defendants maintain a centralized supply depot, from which a dedicated truck delivers supplies exclusively to Dun Huang locations.

g.      Finally, Corporate Defendants dispatch employees, including Plaintiffs to locations other than their primary work locations based on need. Employees, including Plaintiffs, are paid for this labor by their usual payor come payday.

34.     Upon information and belief, Dun Huang Grand Central alone generated about

$5,000.00 in gross revenue per day, and is open 7 days each week, 52 week each year. Accordingly, Plaintiffs estimate that Dun Huang Grand Central alone generated approximately $1.82 million in gross revenue per year. Upon information and belief, the other Dun Huang locations each generate a similar amount of gross revenue per day. Accordingly, each of the locations, and Dun Huang considered as a single enterprise generates well in excess of $500,000.00 gross revenue per year.

35.     Alternatively, Corporate Defendants are joint employers of Plaintiffs, because Plaintiffs perform discrete line-jobs on the premises of the various Corporate Defendants, which can and do shift Plaintiffs between and among themselves.

### Wage and Hour Claims

36.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

37.     Pursuant to NYCRR § 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

38.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

39.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

40.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

41.     Defendants failed to keep full and accurate weekly records of Plaintiffs' hours and wages, and to the extent records were kept, failed to maintain those records for a period of six years, contrary to 12 N.Y.C.R.R. § 146-2.1.

42.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

43.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

44.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

45.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff CHANYIN LAU a/k/a Jack Lau

46.     From on or about March 13, 2019 through on or about September 26, 2019, Plaintiff CHANYIN LAU a/k/a Jack Lau was employed by Defendants to work as a waiter at Dun Hua Grand Central.

47.     From on or about March 13, 2019 through on or about May 31, 2019, Plaintiff CHANYIN LAU a/k/a Jack Lau's regular work schedule ran from 11:30 through 22.00 with one (1) 1-hour break each day for nine and one-half (9.5) hours each day, six days each week with one (1) non-fixed day off, for a total of fifty-seven (57) hours each week.

48.     From on or about June 01, 2019 through on or about September 26, 2019, Plaintiff CHANYIN LAU a/k/a Jack Lau's regular work schedule ran from 11:00 to 22:00 with one (1) 1-

hour break each day for ten (10) hours each day, five (5) days each week with two (2) days off, for a total of 50 hours each week.

49.    At all relevant times, Plaintiff CHANYIN LAU a/k/a Jack Lau did not have a fixed time for lunch or for dinner.

50.    In fact, Plaintiff CHANYIN LAU a/k/a Jack Lau had 15 minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to deliver.

51.    From on or about March 13, 2019 through on or about May 31, 2019 Plaintiff CHANYIN LAU a/k/a Jack Lau was paid a flat compensation at a rate of one hundred fifty dollars ($150.00) per weekday, and one hundred seventy dollars ($170.00) per Saturday or Sunday.

52.    From on or about June 1, 2019 through on or about September 25, 2019 Plaintiff CHANYIN LAU a/k/a Jack Lau was paid a flat compensation of seven-hundred twenty-five dollars ($725.00) per week.

53.    Plaintiff CHANYIN LAU a/k/a Jack Lau wsa paid by check the weks ending: June 9, 2019; June 16, 2019; June 23, 2019; June 30, 2019; and July 7, 2019. Throughout the remainder of his employment, he was paid cash.

54.    Plaintiff CHANYIN LAU a/k/a Jack Lau was mostly paid in cash.

55.    At all relevant times, Plaintiff CHANYIN LAU a/k/a Jack Lau was not paid overtime pay for overtime work.

56.    At all relevant times, Plaintiff CHANYIN LAU a/k/a Jack Lau was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

57.    Further, at all relevant times, the entirety of Plaintiff CHANYIN LAU a/k/a Jack Lau's tips were retained by the Defendants.

58.     Further, at all relevant times, Plaintiff CHANYIN LAU a/k/a Jack Lau had to dispatch common materials to: Dun Huang East Village, Dun Huang Upper West, Dun Huang Brooklyn, Dun Huang Flushing, and Dun Huang Edison.

59.     Throughout his employment, Plaintiff CHANYIN LAU a/k/a Jack Lau was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

60.     Throughout his employment, Plaintiff CHANYIN LAU a/k/a Jack Lau was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

61.     Throughout his employment, Plaintiff CHANYIN LAU a/k/a Jack Lau was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

### Plaintiff JINXIONG CHEN a/k/a Jason Chen

62.     From on or about January 29, 2019 through on or about June 02, 2019, Plaintiff JINXIONG CHEN a/k/a Jason Chen was employed by Defendants to work as a waiter at 320 Lexington Ave, New York, 10016.

63.     At all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen's regular work schedule ran:

    a.  **_Early shift_** from 11:00 to 21:30 with one (1) 1-hour break for nine and one-half (9.5) hours a day for six (6) days and fifty-seven (57) hours a week.;

    b.  **_Late shift_** from 11:30 to 22:00 with one (1) 1-hour break for nine and one-half (9.5) hours a day for five (5) days and forty-seven and one-half (47.5) hours a week.

64.     At all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen had either Wednesday or Saturday off.

65.     The only exception is for three (3) to four (4) weeks where JINXIONG CHEN a/k/a Jason Chen worked the late shift and thus for five (5) days rather than six (6) days in a workweek.

66.     At all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen did not have a fixed time for lunch or for dinner.

67.     In fact, Plaintiff JINXIONG CHEN a/k/a Jason Chen had fifteen (15) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to deliver.

68.     At all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen was paid a flat compensation at a rate of nine hundred dollars ($900.00) per week.

69.     Plaintiff JINXIONG CHEN a/k/a Jason Chen was paid in one hundred sixtyeach week ($160.00) by check with the remainder in cash.

70.     At all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen was not paid overtime pay for overtime work.

71.     At all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen's non-tipped work exceeds two (2) hours or twenty percent (20%) of Plaintiff's workday.

72.     Further, at all relevant times, Plaintiff JINXIONG CHEN a/k/a Jason Chen had his tips misappropriated.

73.     Specifically, the employer took the entirety of customer tips.

74.     Approximately, the share of tips due to each waiter per day would be one hundred fifty dollars per day.

75.     From time to time, about three (3) or four (4) times total, "Andy" required Plaintiff

JINXIONG CHEN a/k/a Jason Chen to pick up delivery boxes from Dun Huang East Village.

## COLLECTIVE ACTION ALLEGATIONS

76.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not either paid the federal minimum wage or paid 1.5 times their calculated regular hourly rates for hours in excess of 40 per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

77.     Plaintiffs bring their NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

78.     All said persons, including Plaintiffs, are referred to herein as the "Class."

79.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

80.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more

than forty (40) members of the class.

81.     Upon information and belief, there are at least 100 employees across the 7 Dun Huang locations at any one time.

***Commonality***

82.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b.      Whether Plaintiffs and Class Members are promised and not paid at their promised hourly wage;

c.      Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

d.      Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

e.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

h.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

i.      At what common rate, or rates subject to common method of calculation

was and is Defendants required to pay the Class members for their work.

      j.    With respect to tipped employees, whether Plaintiffs and the Class Members were subject to a policy of unlawful tip retention;

### *Typicality*

83.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

84.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

85.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the

losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

86.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

87.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full, and the similarly situated collective action members, for some or all of the hours they worked.

89.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

90.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Failure to Pay Minimum Wage
### Brought on behalf of Plaintiffs and the Rule 23 Class]

91.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.     At all relevant times, Plaintiffs are employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

93.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

94.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

95.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

**COUNT III.**
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

98.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

99.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

100.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

101.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

102.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

103.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

104.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

105.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

106.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

107.     Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

108.     Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

109.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

110.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650,

*et seq.*, and New York State Department of Labor regulations § 146-1.6.

111.    Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

### COUNT VI.
**[Violation of Fair Labor Standards Act—Illegal Tip Retention**
**Brought on behalf of Plaintiffs and the Tipped FLSA Collective Members]**

112.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

113.    A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit. 29 U.S.C. §§ 203(m) and (t).

114.    The FLSA prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

115.    Retaining the entirety all the tips customers paid to Du Huang waiters to unjustly enrich the Individual Defendants or using portion of the tips to pay non-tipped employees is prohibited under the FLSA.

116.    Employers are prohibited from unjustly enriching themselves by charging their employees a gratuities service fee charge which exceed the costs of converting credit card gratuities into cash.

### COUNT VII.
**[Violation of New York Labor Law and New York Codes, Rules, and Regulations—Illegal**
**Tip Retention**
**Brought on behalf of Plaintiffs and the Tipped Worker Rule 23 Subclass]**

117.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

118.    Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity. *See also* 12 N.Y.C.R.R. §§ 146-2.18 and 146-2.20

119.    A charge purported to be a gratuity, including charges advertised to be "delivery fee" to customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

120.    Section 146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiffs and Rule 23 Class]

121.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

123.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

124.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

125.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to re-cover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiffs and Rule 23 Class]

126.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

127.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

128.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

129.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## <u>JURY DEMAND</u>

130.    Plaintiffs demand trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages and the full portion of tips unlawfully retained and which are due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
      March 19, 2020

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*


/s/ John Troy
John Troy (JT0481)
Aaron Schweitzer (AS 6369)
Leanghour Lim (LL 6988)