**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JINXIONG CHEN a/k/a Jason
Chen, and
CHAN YIN LAU
*on their own behalf and on behalf of others*
*similarly situated,*

                              Plaintiffs,           Case No:  19-cv-11883-GBD

                    v.

DUN HUANG CORP a/k/a Dun Huang Corporation
d/b/a Dun Huang East Village
d/b/a Dun Huang Grand Central,
DH NEWLAND CORP d/b/a Dun Huang East Village
d/b/a Dun Huang Upper West,
DUN HUANG NEW YORK CORP.
d/b/a Dun Huang Grand Central,
DUN HUANG NEWLAND CORP d/b/a Dun Huang
d/b/a Miss Noodle,
NEW YORK DUN HUANG INC d/b/a Dun Huang
d/b/a Dun Huang Brooklyn,
LANZHOU BEEF NOODLE INC d/b/a Dun Huang
Lanzhou Beef Noodle d/b/a Dun Huang Flushing,
JOHN DOE CORP. d/b/a Dun Huang Lanzhou Beef
Noodle d/b/a Dun Huang Edison,
YANG LIU,
HONG JI,
SHIYANG LI,
ZHONGQI BIAN,
SIWEN LIU, and
HAIJUN LU,
                         Defendants.
-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**


Ge Qu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

## <u>TABLE OF CONTENTS</u>

I.        PRELIMINARY STATEMENT ................................................................ 1

II.       BACKGROUND ................................................................................... 2

III.      ARGUMENT ....................................................................................... 4

    A.    The Court May Take Judicial Notice of the Corporate Records of Dun Huang New York Corp. Because They Are Public Records. .................................................. 4
        1)   Plaintiffs Cannot State a Claim Against the Moving Defendant under FLSA or NYLL Because Dun Huang New York Corp Was Not in Existence during the Alleged Employment Periods. .............................................................................. 5

    B.    Count I of the First Amended Complaint Must be Dismissed Because Plaintiffs Fail to State A Claim for Minimum Wage Violation under FLSA. ......................... 6

    C.    Plaintiffs' Claims against the Moving Defendant Must Be Dismissed Because Plaintiffs Fail to Plead Sufficient Facts to Support a Finding of Employment Relationship Between Them and the Moving Defendant. ...................................... 8
        1)   Plaintiffs fail to adequately plead that the Moving Defendant was their employer because the it exercised neither formal nor functional control over them. 9
        2)   Plaintiffs did not adequately plead the Moving Defendant were their employer. ........................................................................................ 13

    D.    The Single Integrated Enterprise Test Does Not Apply in the Context of FLSA.  14

    E.    The First Amended Complaint Fail to Plead Adequate Facts to Establish that the Moving Defendant and other Defendants Constitute a Single Integrated Enterprise Were the Court to Apply the Single Enterprise Analysis. ...................................... 15
        1)   Plaintiffs' Allegations in FAC Fail to Raise above Speculative Level. ...... 16

IV.       CONCLUSION ................................................................................. 21

i

## TABLE OF AUTHORITIES

**CASES**

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003) ..............................16

*Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655, 2016 U.S. Dist. LEXIS 65733, 2016 WL 2903278, at 13 (S.D.N.Y. May 18, 2016) ...................................................................................................... 15, 16

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...................................................................................... 4, 8, 21

*Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)* .................................6, 16, 18

*Byrd v. City of N.Y.*, No. 04-CV-1396, 2005 U.S. App. LEXIS 10820, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) ..........................................................................................................................4

*Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984) ........................ 9, 13

*Chen v. Domino's Pizza, Inc.,* 2009 U.S. Dist. Lexis 96362 (D.N.J. 2009 ........................................................7

*Chen v. TYT E. Corp.,* No. 10 Civ. 5288 (PAC), 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012) ................................................................................................................................................15

*Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17-CV-4058(RA), 2018 WL 6655607, at 3 (S.D.N.Y. Dec. 19, 2018 ..............................................................................................................................15

*Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 242-43 (S.D.N.Y. 2015) ...............7

*Fernandez v. HR Parking, Inc.*, 407 F. Supp. 3d 445, 452 (S.D.N.Y. 2019) ................................................10

*Goldberg v. Whitaker HouseCoop.*, Inc., 366 U.S. 28, 31 (1961) ..................................................................9

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013) .............................14

*Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir. 1999)....................................................................16

*Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992)...........................................................................5

*Int'l Painters & Allied Trades Indus. Pension Fund v. Cantor Fitzgerald, L.P.*, 2013 NY Slip Op 23318, ¶ 6 n.3, 41 Misc. 3d 770, 777, 972 N.Y.S.2d 469, 474 (Sup. Ct., New York County 2013) .....................5

*Jean-Louis v. Metro. Cable Communs., Inc.*, 838 F. Supp. 2d 111, 134 (S.D.N.Y. 2011) ............................13

*Khereed v. W. 12th St. Rest. Grp. LLC*, No. 15-CV-1363 (PKC), 2016 WL 590233, at 4 (S.D.N.Y. Feb. 11, 2016) ................................................................................................................14

*Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407-08 (E.D.N.Y. 2009) ........................................8

*Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 73 (2d Cir. 2003)..................................12

*Lopez v. Acme Am. Envtl. Co.*, 2012 U.S. Dist. LEXIS 173290, at *12-13 (S.D.N.Y. Dec. 6, 2012) .....15

*Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) ............................ 7, 18

*Mack v. No Parking Today, Inc.*, No. 16 CV 3986 (ARR) (CLP), 2019 U.S. Dist. LEXIS 5017, at *8 (E.D.N.Y. Jan. 9, 2019) ........................................................................................8

*Murray v. Miner,* 74 F.3d 402, 404 (2d Cir. 1996) ...................................................................15

*Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) ........................ 7, 14

*Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 411 (S.D.N.Y. 2011) ........................4

*Rochester Colony, Inc. v. Hostetter*, 19 A.D.2d 250, 253, 241 N.Y.S.2d 210, 214 (App. Div 1963) ....19

*Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) ...........9

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir.2003) ...............................................10

## STATUTES

29 U.S.C. § 206(a) ......................................................................................................................7

NY Al Bev § 64 .........................................................................................................................19

NY Bus Corp § 305 ...................................................................................................................19

## RULES

Rule 12(b)(6) .............................................................................................................................6

## REGULATIONS

29 CFR § 778.109........................................................................................................................7

## I.     <u>PRELIMINARY STATEMENT</u>

Defendant Dun Huang New York Corp. (the "Moving Defendant"), by and through its undersigned attorneys, submit this Memorandum of Law in Support of its Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiffs Jinxiong Chen and Chan Yin Lau ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP" or "Rule").

This Court should grant defendants' motion because Plaintiffs fail to state a claim against the Moving Defendants as they plead insufficient facts to support a finding of employment relationship between Plaintiffs and the Moving Defendant. Plaintiffs filed their original complaint on December 29, 2019. *See Compl.* Dkt. 1. A First Amended Complaint ("FAC") was filed on March 19, 2020 in response to defendants' motion to dismiss. (Dkt. No. 38). In their FAC, Plaintiffs purport to bring various wages and hours claims arising under Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and applicable regulations thereunder, including the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146 *et seq.*, against Moving Defendants as well as non-moving defendants[1]. Construed liberally, the FAC alleges that Plaintiffs were employed as waiters by Dun Huang Corp. at its Lexington Avenue location, *see* FAC ¶¶9, 46, 62. Nevertheless, Plaintiffs attempt to anchor their claims against the Moving Defendant under the theory of single integrated enterprise or that of joint employment, attempting to impose joint and several liability against the Moving Defendants. *See* FAC ¶¶ 34, 35.

Nevertheless, Plaintiffs' FAC must be dismissed against the Moving Defendant because they have failed to plead sufficient facts to demonstrate that the Moving Defendant were Plaintiffs' employers. As an initial matter, public record form the New York Department of State, Division of

---

[1] Defendant Dun Huang Corp. joins the Moving Defendants on this motion regarding Count I of FAC as explained herein; Dun Huang New York Corp. does not join this motion as its time to respond to the FAC is extended through May 29, 2020 (Dkt. No. 48).

Corporations, indicates that the Moving Defendant, Dun Huang New York Corp., was incorporated as of As discussed in detail below, the allegations set forth in the FAC against Moving Defendants are nothing more than a formulaic recitation of various legal tests combined with low octane speculations as to the operations of Moving Defendants, devoid of any factual details supportive of an employment relationship between Plaintiffs and any of the Moving Defendants.

Furthermore, Plaintiffs' claims against John Doe Corporation, a New Jersey corporation, must be dismissed because Plaintiffs fail to plead sufficient factual allegations demonstrating that it has such minimum contacts with New York, the forum state, to warrant the Court's exercise of personal jurisdiction over it.

Accordingly, the Moving Defendants' motion to dismiss the Complaint should be granted in its entirety.

## II.    <u>BACKGROUND</u>

Plaintiffs assert a variety of wage-and-hour claims against thirteen defendants arising under the Fair Labor Standards Act (FLSA), New York Labor Law ("NYLL") and the Hospitality Industry Wage Order, 12 NYCRR §146 *et seq. See* FAC ¶¶ 1-4. Although Plaintiffs purportedly assert claims against corporate and individual defendants that are represented by the undersigned's firm, Plaintiffs' allegations, at best, contain the bare minimum of facts to potentially assert wage-and-hour claims against only **one** of these defendants, namely Dun Huang Corp.  Construed liberally, the FAC indicates that Plaintiffs were only employed by the Dun Huang Corp at its Grand Central location. *See* FAC ¶¶9, 16, 41, 58. Specifically, Plaintiffs allege as follows:

> "From on or about January 29, 2019 to through on or about June 6, 2019, Plaintiff JINXIONG CHEN a/k/a Jason Chen was employed by Defendants to work as a Waiter at 320 Lexington Ave, New York, 10016." FAC ¶¶7,62.

> "From on or about March 13, 2019 through on or about September 26, 2019, Plaintiff CHANYIN LAU a/k/a Jack Lau was employed by

Defendants to work as a waiter at 320 Lexington Ave, New York, 10016" FAC ¶¶ 8, 46.

Defendant DUN HUANG CORP a/k/a Dun Huang Corporation d/b/a Dun Huang Grand Central is a domestic business corporation organized under the laws of the State of New York with principal addresses at 300 East 12th Street, New York, NY 10013 ("Dun Huang East Village"); *320 Lexington Avenue, New York, NY 10016 ("Dun Huang Grand Central")*. FAC ¶9 (emphasis added).

Particularly, Plaintiffs aver that their employment periods ended on **September 26, 2019.** FAC ¶¶8, 46. In contrast, Dun Huang New York Corp., the Moving Defendant, did not exist until **October 3, 2019**, as is apparent from public records maintained by New York State Department of State, Division of Corporations. *See* Affidavit of Shiyang Li ("Li Aff."). In other words, the Moving Defendant was not incorporated yet while Plaintiffs were working at Dun Huang Grand Central. Therefore, it is impossible there existed an employer-employee relationship between Plaintiffs and the Moving Defendant as pleaded in the FAC.

Furthermore, while these factual allegations may support an inference that Plaintiffs worked at Dun Huang Grand Central, the FAC contains no facts that the Moving Defendant ever exercised *control,* formal or functional, over Plaintiffs' employment. Indeed, Plaintiffs failed to allege any defendant hired or fired them. Nor do they allege that any of the individual defendants supervised them or controlled their respective work schedule. Likewise, the FAC is silent as to if any named individual defendant determined Plaintiffs' respective pay rate or had access to their employee records. Nonetheless, Plaintiffs concluded that they were "employed by Defendants." FAC ¶¶7,8, 46, 62.

Moreover, Plaintiffs failed to allege there exists any employment relationship between them and any corporate defendant other than Dun Huang Corp. Plaintiffs do not allege that any other corporate defendant, including their respective owners, hired or fired them, supervised them or controlled their work schedules, determined their respective pay rates, or had access to Plaintiffs

3

employee records. Indeed, Plaintiffs cannot point to a single incidence that any of the Moving Defendants ever exercised control over them[2]. Indeed, Plaintiffs' naked assertion that they were employed by "Defendants", is "devoid of factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, Plaintiffs fail to state a claim against the Moving Defendant.

Conversely, Plaintiffs aver that they *only* received paychecks and W-2 forms form Dun Huang Corp. *See* FAC ¶33(a) ("Dun Huang Corp . . . issues checks and W-2 forms to employees working at Dun Huang Grand Central, including Plaintiffs.").

Based on these allegations in the Complaint, Plaintiffs have failed their burden to plead sufficient factual allegations to support their claims that the Moving Defendants employed them. Indeed, Plaintiffs fail to allege any facts that any of the Moving Defendants had control over their employment, other than boilerplate recitation of the formal control test. *See* FAC ¶¶17,18,21,25,27,29,31. As Plaintiffs have failed to adequately allege an employment relationship with — or any facts that give rise to any wage-and-hour claims against the Moving Defendants, the First Amended Complaint against the Moving Defendants must be dismissed.

## III.    <u>ARGUMENT</u>

### A.    The Court May Take Judicial Notice of the Corporate Records of Dun Huang New York Corp. Because They Are Public Records.

It is well-established that courts may take judicial notice of publicly available documents on a motion to dismiss. *See Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 411 (S.D.N.Y. 2011) (citing *Byrd v. City of N.Y.*, No. 04-CV-1396, 2005 U.S. App. LEXIS 10820, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005). In New York, corporate records maintained by New York State Department of State constitute public records. *See Int'l Painters & Allied Trades Indus. Pension*

---

[2] To be precise, Plaintiffs did allege that "Andy", supposedly a manager at Dun Huang Grand Central, required Plaintiff Jinxiong Chen to pick up delivery boxes from Dun Huang East Village for 3 to 4 times total. *See* FAC ¶75. However, it still does not constitute control by *Moving Defendants*.

*Fund v. Cantor Fitzgerald, L.P.*, 2013 NY Slip Op 23318, ¶ 6 n.3, 41 Misc. 3d 770, 777, 972 N.Y.S.2d 469, 474 (Sup. Ct., New York County 2013). Here, the attached receipt for filing the certification of incorporation of the Moving Defendant, Dun Huang New York Corp., *see* Ex. A to Li Aff., is a public record as it was issued and maintained by NYS Department of State, Division of Corporations[3]. Therefore, the Court could take judicial notice of this document for purposes of this motion.

In addition, the Court could also take judicial notice of the IRS Form attached as Exhibit B to the Affidavit of Shiyang Li ("Li Aff."), because official IRS forms are public records. *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992) ("this circuit as well as other circuits have held that official IRS documents, even if generated by a computer, are admissible as public records."). As such, the IRS Form SS-4, assigning an Employer Identification Number ("EIN") to Dun Huang New York Corp., is an official IRS document. Accordingly, the Court could take judicial notice of this document.

In this case, both the corporate filing receipt and the IRS Form indicate that the Moving Defendant was incorporated on October 3, 2019, *after* the alleged employment periods of Plaintiffs. *See* FAC ¶¶7,62,8,46. Therefore, it is *impossible,* let alone plausible, that there ever existed an employment relationship between Plaintiffs and the Moving Defendant. Accordingly, Plaintiff's FAC against the Moving Defendant must be dismiss for failure to state a claim for claims arising under either FLSA or NYLL.

1) **Plaintiffs Cannot State a Claim Against the Moving Defendant under FLSA or NYLL Because Dun Huang New York Corp Was Not in Existence during the Alleged Employment Periods.**

---

[3] The Filing Receipt could and was authenticated using the enclosed Authentication Number (1910030518) by vising the NYS Department of State website at : http://ecorp.dos.ny.gov (last visited May 28, 2020); *See* Ex. 1 to Attorney Affirmation in Support ("Qu Aff.").

To state a claim for minimum wage and overtime under the FLSA, Plaintiffs must first show that: (1) the Moving Defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) each plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA. *See Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524 (RA), 2020 U.S. Dist. LEXIS 67074, at *11 (S.D.N.Y. Apr. 16, 2020)(citing *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 U.S. Dist. LEXIS 168091, 2017 WL 4712482, at *1 (S.D.N.Y. Sept. 28, 2017); *see also Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019) (holding that FLSA allows for "a private right of action by a covered employee against any employer who violates the Act's minimum wage and overtime pay provisions to recover unpaid wages.").  To recover under the NYLL, plaintiffs must also prove that they were "employees" and that the Moving Defendant was their "employer" as defined by the statute. *Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407-08 (E.D.N.Y. 2009).

In this case, it is apparent that Plaintiffs fail to show that they were "employee" within the meaning of FLSA or NYLL as a then-nonexistent corporation could not "suffer or permit" them to work. 29 U.S.C. § 203(g); NYLL § 651.

**B.  Count I of the First Amended Complaint Must be Dismissed Because Plaintiffs Fail to State A Claim for Minimum Wage Violation under FLSA.**

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The required pleading standard is applicable to claims brought under the FLSA and, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) ("The facts pled must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."); *see, e.g., Chen v. Domino's Pizza, Inc.,* 2009 U.S. Dist. Lexis 96362 (D.N.J. 2009) (granting motion to dismiss because "Plaintiffs have not pled facts sufficient to show that an employment relationship exists between them and Domino's. Plaintiffs simply make the conclusory statement that Domino's is an employer 'within the meaning of 29 U.S.C. § 203(d) and [New Jersey law].' The complaint fails to make any specific allegations against Domino's to support this contention.").

Plaintiffs cannot state a claim for a minimum wage violation under the FLSA unless their respective average hourly wage falls below the federal minimum wage, which is $7.25 for 2019 when Plaintiff allegedly were employed. *See Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013); 29 U.S.C. § 206(a). The average hourly wage is determined by dividing the total remuneration for employment in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid. *Lundy*, 711 F.3d at 115 (citing 29 C.F.R § 778.109). Hence, to state a claim for minimum wage violation under the FLSA, a plaintiff-employee must demonstrate that the amount of compensation received by her results in a straight-time hourly rate that is less than the applicable federal minimum wage. *See Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 242-43 (S.D.N.Y. 2015).  Here, Plaintiffs failed in this regard. Plaintiff Changyin Lau ("Plaintiff Lau") alleged that his weekly work hours were either 57 hours or 50 hours. *See* FAC ¶¶47,48. Plaintiff Lau acknowledged that he was paid $725 per week. FAC ¶52. Therefore, Plaintiff Lau's straight-time hourly pay ranged from $12.72 to $14.50, well

above the $7.25 federal minimum wage[4]. Likewise, Plaintiff Jinxiong Chen ("Plaintiff Chen") admitted that his weekly hours ranged from 47.5 hours to 57 hours. *See* FAC ¶63. Plaintiff Chen alleged that he was paid $900 per week. FAC ¶68. As a result, Plaintiff Chen's straight-time hourly pay was between $15.79 and $18.95, exceeding the federal minimum rate.[5]

Therefore, Plaintiffs failed to state a claim for FLSA minimum wage claim and Count I of the FAC must be dismissed against all defendants.

**C.     Plaintiffs' Claims against the Moving Defendant Must Be Dismissed Because Plaintiffs Fail to Plead Sufficient Facts to Support a Finding of Employment Relationship Between Them and the Moving Defendant.**

To state a claim under FLSA, Plaintiffs must allege there exists employer-employee relationship between Plaintiffs and the Moving Defendant. *See Mack v. No Parking Today, Inc.*, No. 16 CV 3986 (ARR) (CLP), 2019 U.S. Dist. LEXIS 5017, at *8 (E.D.N.Y. Jan. 9, 2019). The same standard applies to NYLL claims. *See Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407-08 (E.D.N.Y. 2009).  Plaintiffs therefore can state a claim only against parties whom they adequately plead were their "employer" during relevant period, consistent with the statutory standards.

In this case, Plaintiffs failed to plead sufficient facts in the FAC that the Moving Defendant, individual or corporate, were their employers.  Regarding the individual Moving Defendant, Plaintiffs failed to plead the individual Moving Defendants were their employers because the FAC contains nothing more than formulaic recitation of the element of the formal control test. *See* FAC ¶¶17,18,21,25,27,29,31. The Court need not accept these allegations as true because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which "must be supported by factual

---

[4] $725/50 = $14.50; $725/57 = $12.72.
[5] $900/47.5= $18.95; $900/57= $18.95.

allegations." *Id.* at 679.  Likewise, regarding the Moving Defendant, Plaintiffs 1) failed to adequately

plead any direct connections between Plaintiffs and Moving Defendant in relation to their

employment and 2) failed to adequately plead the status of single integrated entity between the

Moving Defendant and Dun Huang Corp, where they alleged were employed. Therefore, the

Complaint against Moving Defendant must be dismissed.

**1) Plaintiffs fail to adequately plead that the Moving Defendant was their employer because the it exercised neither formal nor functional control over them.**

In determining whether an employment relationship exists for purposes of the FLSA,

courts evaluate the "economic reality" of the relationship. *See Goldberg v. Whitaker HouseCoop.*,

Inc., 366 U.S. 28, 31 (1961). To determine whether a particular defendant was an "employer"

under the FLSA and NYLL, the Second Circuit has set forth four factors describing formal

control by an employer. These factors are "whether the alleged employer (1) had the power to

hire and fire employees, (2) supervised and controlled employee work schedules or conditions

of employment, (3) determined the rate and method of payment, and (4) maintained

employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir.

1984)(recognizing the need for case-by-case analysis because "the statute's definitions are stated

only in the broadest terms"). "[N]o one of the four factors standing alone is dispositive.

Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which

is exclusive." Id. (citations omitted.); *see Sampson v. MediSys Health Network, Inc.*, 2012 WL

3027838, at *4 (E.D.N.Y. July 24, 2012) (dismissing FLSA claims where "[t]here [were] no facts

that indicate that [the defendant] had any direct role in hiring or firing the plaintiffs or that it

supervised or controlled their work schedules" ... or to "indicate that [the defendant] had any

direct role in controlling the plaintiffs' conditions of employment or in determining their rate

and method of payment").

In the absence of formal control under the Carter factors, a defendant may nevertheless be characterized as an "employer" for FLSA purposes if it exercises functional control over the workers in question. To assess whether a putative employer exercised functional control over a worker, courts will consider "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir.2003). The same standard of employer-status test applies to Plaintiffs' NYLL claims as well. *See Fernandez v. HR Parking, Inc.*, 407 F. Supp. 3d 445, 452 (S.D.N.Y. 2019) ("As a result, courts in this circuit 'hold that the New York Labor Law embodies the same standards for joint employment as the FLSA.'")(quotation omitted).

Here, regarding individual defendants, the FAC does nothing more than simply recite the elements of the formal control test. Specifically, the Complaint summarily recites, tracking the *Carter* test of formal control, 735 F.2d at 12, that Shiyang Li, Zhongqi Bian, Hong Ji, Siwen Liu, Yang Liu, and Haijun Lu each "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at various Dun Huang locations. *See* FAC ¶¶17,18,21,25,27,29,31.

Furthermore, Plaintiffs allege no facts that the Moving Defendant exercised any control over them or that the actions or omissions of the individual defendants could be attributed to the Moving Defendant. Indeed, Plaintiffs managed to come forth with allegations referencing Dun Huang New York Corp., the Moving Defendant, *eight* times in the FAC without giving any factual details about

10

its involvement in, let alone control over, Plaintiffs' employment other than the business address. *See* FAC ¶¶11,20,24,26,28,30, 32,33. The clanking silence could only give to one inference: Dun Huang New York Corp. has nothing to do with Plaintiffs.

### Individual Defendants Yang Liu and Shiyang Li

Plaintiffs specifically concede that defendants Yang Liu and Shiyang Li did not exercise formal control over them at Dun Huang Grand Central, their place of employment[6]:

> "YANG LIU is known to Plaintiff JINXIONG CHEN a/k/a Jason Chen to have been among the people who **delegated** (1) the power to hire and fire employees, (2) the task of supervising and controlling employee work schedules and conditions of employement, (3) the task of determining the rate of method of payment, and (4) the task of maintaining employee records at Dun Huang Grand Central to the day-to-day **manager** of Dun Huang Grand Central, who is known to Plaintiff JINXIONG CHEN a/k/a Jason Chen as **"Andy."** YANG LIU is known to Plaintiff JINXIONG CHEN a/k/a Jason Chen as the "big boss." FAC ¶17 (emphasis added).

> SHIYANG LI is known to Plaintiff CHANYIN LAU a/k/a Jack Lau to have been among the people who **delegated** (1) the power to hire and fire employees, (2) the task of supervising and controlling employee work schedules and conditions of employement, (3) the task of determining the rate of method of payment, and (4) the task of maintaining employee records at Dun Huang Grand Central to the day-to-day **manager** of Dun Huang Grand Central, who is known to Plaintiff CHANYIN LAU a/k/a Jack Lau as **"Andy."** SHIYANG LI is known to Plaintiff CHANYIN LAU a/k/a Jack Lau as the "boss." FAC ¶25 (emphasis added).

By their own allegations, Plaintiffs acknowledge that neither Yang Liu nor Shiyang Li exercised any formal control meeting the four *Carter* factors. Further, Plaintiffs failed to show that either Yang Liu or Shiyang Li had functional control over their employment at Dun Huang Grand Central to meet the *Zheng* factors. First, Plaintiffs admit that they were employed at Dun Huang Grand Central but not at any other Dun Huang premises or ever used Moving Defendants' equipment. There is no allegation in the FAC could possibly be construed to mean that Plaintiffs, who were employer as waiters, worked as a portable unit from one Dun Huang location to another.

---

[6] *See* FAC ¶¶9, 16, 41, 58.

11

Indeed, Plaintiffs specifically allege that they worked as waiters in Dun Huang Grand Central only for either five or six days per week. *See* FAC ¶¶46,47,48, 62,63. The only contacts between Plaintiffs and the Moving Defendants arise from their employment at Dun Huang Grand Central. Specifically, Plaintiffs allege:

> "Further, at all relevant times, Plaintiff CHANYIN LAU a/k/a Jack Lau had to dispatch common materials to: Dun Huang East Village, Dun Huang Upper West, Dun Huang Brook-lyn, Dun Huang Flushing, and Dun Huang Edison." FAC ¶58.

> "From time to time, about three (3) or four (4) times total, "Andy" required Plaintiff JINXIONG CHEN a/k/a Jason Chen to pick up delivery boxes from Dun Huang East Village." FAC ¶75.

No matter how liberally construed, these two statements only pertain to Plaintiffs' employment at Dun Huang Grand Central, as Plaintiffs were subject to control by "Andy," the manager at Dun Huang Corp. d/b/a Dun Huang Grand Central, who occasionally assigned them odd errands. There is no factual allegation whatsoever in the FAC that the Moving Defendant exercised any control over Plaintiffs. Therefore, the second, fifth, and sixth Zheng factors weigh against Plaintiffs. Likewise, Plaintiffs made no factual showing that their job duties as waiters in Dun Huang Grand Central was integral to the putative enterprise. Furthermore, as delivery of materials clearly is different from waiting tables, the fourth *Zheng* factor militate in favor of the Moving Defendant.

Lastly, the third *Zheng* factor militates against Plaintiffs because Plaintiffs come forth with no facts showing that their work responsibilities as waiting staff at one Dun Huang restaurant is integral to the overall "enterprise." According to *Zheng*, this factor is examined on a spectrum: " On one end of the spectrum lies the type of work performed . . .  on a producer's premises that requires minimal training or equipment, and which constitutes an essential step in the producer's integrated manufacturing process. On the other end of the spectrum lies work that is not part of an integrated production unit, that is not performed on a predictable schedule, and that requires specialized skills

or expensive technology." *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 73 (2d Cir. 2003)

(emphasis added). Here, Plaintiffs specifically admit they do not perform any work on Moving

Defendants' premises as they "dispatch common materials" or "pick up delivery boxes." Also,

Plaintiffs' work is "not performed on a predictable schedule" as Plaintiffs' job duties concerning

Moving Defendants were carried out "From time to time, about three or four times total." FAC ¶75.

Indeed, the third factor "might apply with somewhat less vigor" in the service industry as is the case

here. *See Jean-Louis v. Metro. Cable Communs., Inc.*, 838 F. Supp. 2d 111, 134 (S.D.N.Y. 2011).

Therefore, neither Yang Liu nor Shiyang Li was Plaintiffs' employers within the meaning of

FLSA or NYLL.

### Individual Defendants Hong Ji, Zhongqi Bian, Siwen Liu, and Haijun Lu

Plaintiffs fail to aver any facts that defendants Hong Ji, Zhongqi Bian, Siwen Liu, or

Haijun Lu had any contacts, let alone control, of Plaintiffs. Rather, they are pleaded as

owners/operator of various Dun Huang locations other than Dun Huang Corp. d/b/a Dun

Huang Grand Central. *See* FAC ¶¶21-24, 27-32.

Therefore, as FAC fails both the formal and the functional control test, the Plaintiffs fail

to plead that the Moving Defendants constitute "employer" within the meaning of FLSA or

NYLL. Therefore, the claims against the individual Moving Defendants shall be dismissed.

### 2) Plaintiffs did not adequately plead the Moving Defendant were their employer.

i.  The Fist Amended Complaint is devoid of facts establishing employment relationship between Plaintiffs and the Moving Defendant.

The same anemic factual allegations founders to support an employment relationship

between Plaintiffs and the Moving Defendant. To be an employer, the entity must have control,

either formal or functional, over the employee. *Carter*, 735 F. 2d 8, 12 & n.3; *Zheng*, 355 F.3d 61, 71–

72.

Here, Plaintiffs pleaded that the Plaintiffs were "employed by Defendants to work as a Waiter at 320 Lexington Ave. New York, 10016". FAC¶¶ 7,8,46, 62. Namely, Dun Huang Grand Central, located at 320 Lexington Ave. is the only location where Plaintiffs worked. The FAC is, therefore, devoid of facts to establish connections between Plaintiffs and the Moving Defendant. Although Plaintiffs aver that the Moving Defendant has a principal place of business at Dun Huang Grand Central, *see* FAC ¶11, they allege no facts whatsoever that Dun Huang New York Corp had any control, actual or theoretical, over them. Conversely, Plaintiffs concede that they received W-2 forms from Dun Huang Corp. but not the Moving Defendant. *See* FAC ¶33(a).

**D.      The Single Integrated Enterprise Test Does Not Apply in the Context of FLSA.**

Plaintiffs required this Court to apply the single integrated employer theory to extend joint and several liability to the Moving Defendant. However, the Second Circuit has never endorsed the theory of liability in the FLSA context and district courts in this Circuit are divided on its application to FLSA and NYLL cases.  *See, e.g.*, *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013) (Engelmayer, J.) (rejecting application of single, integrated enterprise analysis in the FLSA context). *Khereed v. W. 12th St. Rest. Grp. LLC*, No. 15-CV-1363 (PKC), 2016 WL 590233, at 4 (S.D.N.Y. Feb. 11, 2016); *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 205-06 (S.D.N.Y. 2014).

Here, Plaintiffs themselves were *aware* that the string of connection between them and the Moving Defendant is hair thin. Rather than pleading any control that the Moving Defendant had over them, Plaintiffs purport to anchor the entire case to the Moving Defendant with the rest under the single integrated entity theory. Were the Court to allow Plaintiffs to proceed against the Moving Defendant, Plaintiffs would be essentially be offered an

opportunity to use the litigation as a fishing expedition to oppress and harass individuals and entities that they did not otherwise maintain an employment relationship.

E.     **The First Amended Complaint Fail to Plead Adequate Facts to Establish that the Moving Defendant and other Defendants Constitute a Single Integrated Enterprise Were the Court to Apply the Single Enterprise Analysis.**

Were the Court inclined to apply the single integrated enterprise analysis in this matter, the FAC has not pleaded facts sufficient to establish that the Moving Defendants and the non-moving defendants constitute an integrated single entity.

When determining a "single integrated enterprise", courts consider the following factors: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Chen v. TYT E. Corp.,* No. 10 Civ. 5288 (PAC), 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012) (quoting *Murray v. Miner,* 74 F.3d 402, 404 (2d Cir. 1996)). Although no single factor is determinative in deciding whether two entities will be regarded as a single employer, the control of labor relation is the central concern. *Murray v. Miner*, 74 F.3d 402 (2d Cir. 1996); *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17-CV-4058(RA), 2018 WL 6655607, at 3 (S.D.N.Y. Dec. 19, 2018) (citing *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655, 2016 U.S. Dist. LEXIS 65733, 2016 WL 2903278, at 13 (S.D.N.Y. May 18, 2016)) (The "allegations that several restaurant chain locations were listed on the same website and had identical menus were insufficient to allege the existence of a single *integrated* enterprise, absent any allegations of centralized control. ") (ownership alone does not work, case citation from motion to dismiss).

In New York, single enterprise liability does not extend to corporate entities that do not exercise either formal or functional over plaintiff-employees. *See Lopez v. Acme Am. Envtl. Co.*, 2012 U.S. Dist. LEXIS 173290, at *12-13 (S.D.N.Y. Dec. 6, 2012). Also, it is settled law in New York that owners or officers of a corporation cannot be deemed employers under the FLSA or NYLL unless

'the individual has overall operational *control* of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions.'" *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003).

In other words, the single enterprise theory still requires Plaintiffs to allege sufficient facts demonstrating that the Moving Defendant exercised operational control over them. S*ee Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir. 1999)("In answering that question[whether a given individual is or is not an employer], the overarching concern is whether the alleged employer possessed the power to control the workers in question.").

Here, as in *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655 (KBF), 2016 U.S. Dist. LEXIS 65733, at *15 (S.D.N.Y. May 18, 2016), the FAC is devoid of any "non-conclusory allegations" that the Moving Defendant exercised any degree of control over any Dun Huang locations. In particular, the FAC contains no factual allegation whatsoever relating to Dun Huang New York Corp's control over Plaintiffs. *See* FAC ¶¶17,18,21,25,27,29,31. Rather, the only "control" over Plaintiffs alleged in the FAC is attributed to "Andy," a non-party manager of Dun Huang Grand Central. *See* FAC ¶75.

### 1)  Plaintiffs' Allegations in FAC Fail to Raise above Speculative Level.

Furthermore, the Court need not accept Plaintiffs' conclusory allegations regarding single enterprise as true because they are conclusory, implausible, self-contradictory, and fail to "raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)*. As an initial matter, it has been held that allegations of sharing a common website and having" similar menu," FAC ¶33(e), is insufficient to find single enterprise liability. *See Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655, 2016 U.S. Dist. LEXIS 65733, 2016 WL 2903278, at 13 (S.D.N.Y. May 18, 2016) ("Simply put, plaintiffs' allegations do not go beyond alleging common ownership and a common business plan and purpose. Their allegations entirely leave out

16

the relationship that plaintiffs, as employees, had to the Toasties locations besides the one location at which plaintiffs actually worked."). Nor will common ownership, a common business plan or purpose suffice. *Id.*

Here, Plaintiffs' allegations regarding "common management" is self-contradictory and implausible. As an initial matter, Plaintiffs allege no facts as to the management of the Moving Defendant, Dun Huang New York Corp. throughout the FAC. *See* FAC ¶¶17,18,21,25,27,29,31. Nor do Plaintiff come forth with allegations as to the ownership of the Moving Defendant. Rather, Plaintiffs attempt to sweep the issue of control under the rug by averring that defendants Shiyang Li and Yang Liu were "principal bosses" who "delegated the authority to hire and fire employees to on-site managers." FAC ¶33(c). In other words, Plaintiffs admit specifically that neither Shiyang Li nor Yang Liu exercised control over Plaintiffs, including hiring and firing. Furthermore, Plaintiffs put forth any factual details as to the specifics of operational control exercised by these two individuals other than labeling them "principal bosses" which are not even official corporate titles.  However, Plaintiffs still aver that "Yang Liu  acted as a *manager* of Miss Noodle and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) deter-mined the rate and method of payment, and (4) maintained employee records at Miss Noodle." FAC ¶18. According to Plaintiffs, Yang Liu is a "principle boss" who delegates managerial authority to "on-site" managers for the putative "enterprise," while at the same time he is an on-site manager who does the hiring and firing by himself. In other words, Plaintiffs alleged at least one alternative fact in terms of control by individual defendants.  Therefore, the Court need not accept them as true because "alternative facts are not facts."

Further, Plaintiffs' factual averments regarding the individual defendants are pure speculation that fail to "raise a right of relief above the speculative level." *Twombly, 550 U.S. at 555.*

17

For instance, Plaintiffs conclude that Defendant Yang Liu is "a manager of Miss Noodle and have and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) deter-mined the rate and method of payment, and (4) maintained employee records at Miss Noodle." FAC ¶18. Plaintiffs arrive at the conclusion by pure speculation:

> YANG LIU is also the **liquor license principal** for DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle. As principal of a liquor license for consumption on the premises, YANG LIU is **either an owner** of DUN HUANG NEWLAND CORP d/b/a Dun Huang d/b/a Miss Noodle or in control **or possession of its premises** and **in either case** in control of the employees therein. FAC ¶18 (emphasis added).

In other words, Plaintiffs apparently acknowledge that they do not have any personal knowledge whether Yang Liu had any control over Miss Noodle. Rather, Plaintiffs presuppose that Yang Liu either has ownership or control. In other words, Plaintiffs' allegations are mere guesswork that supplied "nothing but low-octane fuel for speculation." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). The same pattern of speculation applies to Defendant Ji Hong:

> HONG JI is the the registered agent for service of process for LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing, and is not an outside agent because the registered agent address for accepting service of process is 136-93 37th Avenue, Flushing, NY 11355, the address of Dun Huang Flushing. HONG JI is also the liquor license principal for LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing. As registered agent, HONG JI **would have been present at the premises** of Dun Huang Flushing during regular business hours. As principal of a liquor license for consumption on the premises, HONG JI is **either an owner** of LANZHOU BEEF NOODLE INC d/b/a Dun Huang Lanzhou Beef Noodle d/b/a Dun Huang Flushing **or in control or possession** of its premises and **in either case in control of the employees therein**. Accordingly, during regular business hours, upon information and belief, **HONG JI acted as a manager** of Dun Huang Flushing and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and

(4) maintained employee records at Dun Huang Flushing.[7] FAC ¶21(emphasis add).

To accept Plaintiffs formulaic conclusions as true that the individual defendants constitute "employers" of Plaintiffs require a significant amount of cognitive dissonance and low octane speculation that falls far below the "plausible" standard in *Twombly, 550 U.S. at 555*.

In a similar fashion, Plaintiffs' allegations that Defendants had common ownership fail to rise above the level of conjecture and speculation.  Plaintiffs aver that the Corporate Defendants "had common owners, including upon information and belief SHIYANG LI, SIWEN LIU, HONGJI, YANG LIU, HAIJUN LU, and ZHONG BIAN." FAC ¶33(d). Yet, Plaintiffs offered little support to this broad conclusion. Indeed, Plaintiffs fail to even specify whether all the *six* individuals own all *seven* corporate entities or who owns what. Rather, Plaintiffs purport to toss all defendants into one proverbial salad bowl called "single enterprise." Indeed, Plaintiffs' averments conflict with that of a "common" ownership. Plaintiffs' allegations in FAC Paragraph 33(d) could be summarized as follows:

  i.   Shiyang Li had access to corporate account of Dun Huang Corp. and is a liquor license principal for DH Newland Corp. and Dun Huang Newland Corp.
  ii.  Hong Ji is liquor license principal for Lanzhou Beef Noodle Inc.
  iii. Zhongqi Bian is liquor license principal for New York Dun Huang Inc.
  iv.  Siwen Liu is a registered agent of Dun Huang Corp.
  v.   Haijun Lu is a registered agent of Hun Huang Newland Corp.
  vi.  Zhongqi Bian is the registered agent of New York Dun Huang Inc.

As an initial matter, being a registered agent in New York does not indicate ownership or control as the only legal requirement is being "a natural person who is a resident of or has a business address in this state." NY Bus Corp § 305. As such, the allegations that Siwen Liu, Haijun Lu, and Zhongqiu Bian are registered agents for various corporate entities, even accepted as true, fail to establish ownership between the individual defendants and the

---

[7] Same pattern of allegations regarding other individual defendants can be found in paragraphs 22, 27,29, 31.

respective corporate defendants.

Further, contrary to Plaintiffs' assertion, being a liquor license principal is not indictive of ownership or control under New York law. *See* NY Al Bev § 64 ("any person may make an application to the appropriate board for a license to sell liquor at retail to be consumed on the premises where sold, and such licenses shall be issued to all applicants except for good cause shown."). Specifically, the Appellate Division has held that an applicant does not even need to have an operating restaurant to apply for a liquor license. *See Rochester Colony, Inc. v. Hostetter*, 19 A.D.2d 250, 253, 241 N.Y.S.2d 210, 214 (App. Div. 1963)(" The attorney for the Authority in his argument in this court seems to have assumed that the statute requires that the applicant must first establish a restaurant and actually operate it for a substantial period of time before applying for a liquor license, but there is no such requirement in the statute."). Indeed, even assuming as true that being a liquor license principal equals ownership, Plaintiffs' factual averments fall far short of establishing "common" ownership. Rather, Plaintiffs only alleges, construed liberally, that Yang Liu owns Dun Huang Corp., DH Newland Corp. and Dun Huang Newland Corp.; Zhongqi Bian owns New York Dun Huang Inc. *See* FAC ¶33(d). This is far from a "common" ownership structure at the "enterprise" level alleged by Plaintiffs.

Likewise, Plaintiffs' allegations regarding "interrelated operation" or "centralized control of labor relations" are self-contradictory and speculative. For instance, Plaintiffs, on one hand, alleged that "Dun Huang Corp . . .paid employees and kept employee records for all employees, *no matter where they worked.*" (reiteration added). FAC. ¶33(b).  The FAC, on the other hand, alleged that both Plaintiffs were employed as a waiter at only one location "320 Lexington Ave, New York, 10016." FAC ¶¶7,8,46,62. The FAC failed to allege any facts to support the allegation that Plaintiffs got paid "no matter where they worked".  Indeed, Plaintiffs' allegations, to be accepted as true, would require the Court to speculate as to matters not pleaded in the

FAC, failing far short of the "plausible" standard. *See Twombly, 550 U.S. at 555.*

Lastly, Plaintiffs' allegation that corporate defendants constitute joint employers of Plaintiffs conflict against their own words. *See* FAC ¶35 ("Alternatively, Corporate Defendants are joint employers of Plaintiffs, because Plaintiffs perform discrete line-jobs on the premises of the various Corporate Defendants, which can and do shift Plaintiffs between and among themselves."). Not only did Plaintiffs fail to allege any facts as to what kind of "discrete line-jobs" did Plaintiffs perform or on which corporate defendant's premise(s) were they assigned; but this assertion is incompatible with the allegations that Plaintiffs worked in Dun Huang Grand Central, *See* FAC ¶¶7,8,46,62, and that they only delivery materials to some other store occasionally. *See* FAC ¶¶58, 75. The Court should disregard or discredit alternative pleadings of *facts,* as Rule 8 only allows pleadings of alternative *theories* of liability.

Considering the totality of circumstances, the Court should find Plaintiffs' theory of single integrated enterprise against Moving Defendants failed to nudge "across the line from *conceivable* to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

## IV. <u>CONCLUSION</u>

WHEREFORE, based upon the foregoing, the Moving Defendants respectfully request that their Motion to Dismiss against Dun Huang New York Corp. be granted in its entirety along with such other and further relief as the Court deems just and proper.

Dated: Flushing, New York
May 29, 2020

HANG & ASSOCIATES, PLLC

By:___s/___*Ge Qu*_____
Ge Qu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: 718.353.8522
Email: rqu@hanglaw.com
*Attorneys for Defendants*

21