**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/21

# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   troylaw@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

September 2, 2021

<u>Via</u> ECF

Honorable Barbara C. Moses, U.S.M.J
United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007-1312

Application GRANTED to the extent defendants shall respond on or before **September 10, 2021**, in accordance with Moses Ind. Prac. §§ 1(d), 2(b). In the response, counsel shall advise the Court as to any difficulty in reaching, or obtaining cooperation from, his clients. SO ORDERED.

_____
Barabara Moses
United States Magistrate Judge
September 3, 2021

Re:   Letter Motion for Rule 37.2 Conference to Compel Defendants' Responses
Request for An Extension of Time to Depose Defendants from August 30 to October 30
<u>*Chen et al v Dun Huang Corp et al* 1:19-cv-11883-GBD-BCM</u>

Dear Honorable Judge Moses,

This office represents the Plaintiffs in the above-reference matter. Plaintiffs write to the Court to respectfully request a Rule 37.2 Conference and a Court Order to compel Defendants to produce responses to Plaintiffs' Interrogatories and Document Production Request. We also respectfully request that the deposition end date be extended by 2 months from August 30 to October 30 for each Defendant and their Corporate Representative be ordered to show up for a court-ordered deposition conducted by Plaintiffs. The date will allow Plaintiffs enough time to review the overdue Defendants' production.

Plaintiffs had sent First Set of Interrogatories, First Request for Documents Production and Notices of Depositions along with Plaintiff's Initial Disclosures to Defendants on June 30, 2021 with Responses due July 30, 2021. **See Exhibit 1 First Set of Interrogatories; Exhibit 2 First Set of Document Production Requests**. Depositions were originally scheduled For August 17 and August 18. Defendants did <u>not</u> respond to any of the above.

As a result, on August 9, 2021 Plaintiffs sent a No Objection Letter to Defendants' counsel (Richard Qu, Esq.) and informed Defendants that the deadline for responding to the discovery had passed, Plaintiffs asserted that any objection to the discovery was accordingly waived and requested responses to the pending discovery requests pursuant to F.R.C.P. Rule 33(b)(3) and 34(b).

On Tuesday, August 10, Defendants' counsel requested a two week extension to coordinate with their client. Plaintiff did not agree, as Defendant would not acknowledge and accept the No Objection Letter. On Tuesday, August 17, 2021 Defendants' counsel stated that production should be finished by the end of the week. No response was given, and on August 26, 2021 Plaintiff's counsel reached out in regards to the response by email and received no response.

Hon. Barbara C. Moses
Chen et al v Dun Huang Corp et al 1:19-cv-11883-GBD-BCM
Page 2

As of today, Defendants have refused to provide any documents or any responses to Plaintiffs' interrogatories after a month-long delay even after the discovery are due, after Defendants requested (and Plaintiffs objected to) a "2 week extension" for Defendants' counsel to "coordinate with [his] client." Thereafter, Richard Qu stated that he was "finalizing the response and should be able to produce them by the end of next week" on August 17, and again failed to actually produce any documents by his own self-set deadline of August 27.

Parties met and conferred regarding the issues on September 2, 2021, at 1:30. Tiffany Troy appeared for Plaintiffs and Richard Qu appeared for Defendants, lasting about 5 minutes. As of the meeting, Plaintiffs requested for a date by when Defendants could cure their deficient response. Defendants' counsel Richard Qu stated that he is unable to even set forth an expected date by when he could produce the documents and respond to the interrogatories as he has not been able to contact his clients or to gather the necessary discovery materials. He also stated that he could not respond to the document production responses as he does not have the documents from his client. This is in direct contrast to his prior written communication with this office, where he stated he was finalizing the responses.

Defendants are obligated to produce the documents but the only proffered excuse for their failure to do so is that Defendants' counsel is "unable to reach" Defendants. That is not acceptable.

Defendants' Counsel owe a responsibility to the Court and their opponents and F.R.C.P. Rule 37 enforces a strict adherence to these responsibilities. See National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976)). Courts have "broad discretion" to impose sanctions, including striking the Defendants' Answer and entering a Default Judgment. Id. Sanctions will be imposed "for negligence or tactical intransigence as well as willful or intentional wrongs." Id. Defendants' failure to make a disclosure required by Rule 26(a) and failure to answer Plaintiff's Interrogatories and Document Production Requests in a meaningful way will delay proceedings, further exhausting court resources.

For the reasons set forth above, Plaintiff respectfully requests the Court's intervention to compel Defendant's compliance with this Court's order for Defendant's Document Productions. Plaintiff also requests that Defendants be sanctioned as per Rule 37(a)(3)(A) and Rule 37(c)(1) and request an informal conference to resolve these matters.

Sincerely,
TROY LAW, PLLC
/s/John Troy
John Troy, Esq.
Aaron Schweitzer
Tiffany Troy

cc (*via* ecf): All Counsel of record
/aoc