USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINXIONG CHEN, et al.,

    Plaintiffs,

-against-

DUN HUANG CORP, et al.,

    Defendants.

19-CV-11883 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated September 30, 2021 (Dkt. No. 93), plaintiffs (i) sought a 45-day discovery extension "until after" this Court rules on their pending motion for collective certification, and (ii) complained generally about the slowness of defendants' written discovery responses and a "plethora of deficiencies" in those responses, as to which counsel planned to meet and confer in early October.

By memo endorsement dated October 7, 2021 (Dkt. No. 94), the Court denied the extension application without prejudice to renewal within 10 days after the ruling on the collective certification motion, and reminded plaintiffs that if defendants' discovery responses were deficient, plaintiffs could seek relief in accordance with the relevant federal and local rules.

By letter-motion dated October 9, 2021 (Dkt. No. 95), plaintiffs now seek: (i) an order compelling defendants to produce specified documents by the "mutually agreed upon production date" of October 22, 2021, (ii) an extension of the now-expired deposition deadline (which was August 30, 2021) to November 30, 2021, "for each Defendant and their Corporate Representative be ordered [sic] to show up for a court-ordered deposition conducted by Plaintiffs," and (iii) an order compelling plaintiffs to produce "preclass certification Rule 23 class discovery [sic] as to defendant Dun Hun Corp. d/b/a Dun Huang Grand Central."[1]

---

[1] There is no defendant by that name in this action. The Court presumes that plaintiffs meant to identify defendant Dun Huang Corp doing business as Dun Huang Grand Central. The Court

Defendants did not respond.

No conference is required.

It is hereby ORDERED that plaintiffs' unopposed October 9, 2021 letter-motion is GRANTED to the extent that:

1. Defendants shall *promptly* produce, if they have not already, all documents responsive to RFP 35 (employment records required to be maintained by the FLSA and/or the NYLL) as to the two named plaintiffs, and all documents responsive to RFP 87 (regarding the posting of required notices).

2. Plaintiffs may, if they wish, take the depositions of the named defendants, and a Rule 30(b)(6) deposition of Dun Huang Corp, without awaiting a ruling on the pending collective certification motion. Should they do so, however, they should not expect to reopen, continue, or expand those depositions based on the certification ruling.

Defendants need not further respond to RFPs 1, 13, 15, 22, 46, 50, 54, and 55, or Interrogatory No. 8. Notwithstanding plaintiffs' references to "Rule 23 class discovery," no Rule 23 class certification motion has been made. The pending motion (Dkt. No. 79) seeks only conditional certification of an FLSA collective. If that motion is granted, defendants will be obligated at that time to produce contact information co-extensive with the certified collective.

Dated: New York, New York
       October 22, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

further presumes that what plaintiffs seek (as "preclass certification Rule 23 class discovery") is contact information for all of defendants' current and former employees, and related data, as requested in RFPs 1, 13, 15, 22, 46, 50, 54, and 55, and Interrogatory No. 8.