

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINXIONG CHEN, et al.,

        Plaintiffs,

-against-

DUN HUANG CORP, et al.,

        Defendants.

19-CV-11883 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On February 11, 2022, I ordered:

1. Defendants to file on the public docket a declaration or affidavit executed on personal knowledge and attesting to (a) when the Notice of Pendency was posted (in English and Chinese) at Dun Huang Grand Central; (b) where in the restaurant the Notice of Pendency was posted (including, if it has been moved, all such locations, as well as the dates on which it was posted at each location); and (c) whether that location (or those locations) are readily accessible to non-exempt employees; and

2. Counsel to promptly meet and confer, in good faith and in real time, concerning the adequacy of the updated contact list recently provided to plaintiffs.

(Dkt. No. 113.)

On February 18, 2022, defendants filed the declaration of named defendant Shiyang Li (Li Decl.) (Dkt. No. 114), who attested that the Notice of Pendency was posted in the basement of the restaurant on January 11, 2022, in a location accessible to all employees, and remained posted there as of the date of the declaration. Li Decl. ¶¶ 3-6 & Exs. A-B (photographs).

That same day, plaintiffs filed a letter-application (Pl. Ltr.) (Dkt. No. 115) complaining that "the photographs Defendants provide as Exhibit A and B. . . show that the Notice of Pendency was posted out of order." *Id.* at 1. They further assert that the updated contact list provided to them on January 25, 2022, "remains deficient," *id*. at 3, and complain that defendants "failed to meet and confer with Plaintiffs in any meaningful way" about the contact list. *Id*. at 2.

Defendants did not respond to the letter-application, and their time for doing so has now expired.

Plaintiffs are correct that, as depicted in the photographs attached to the Li Declaration, page 1 of the Notice is to the right of page 2, which is to the right of page 3, and so on, which is out of order in Chinese as well as in English. *See* Pl. Ltr. at 2. According to plaintiffs, this is "highly problematic" and requires an order directing defendants to re-post the Notice and extend the opt-in period by another 60 days. *Id*. I disagree. I am confident that the nonexempt full-time kitchen and wait staff at Dun Huang Grand Central (to whom the notice is addressed) are capable of following the order of the document. I further note that the same individuals – to the extent properly listed on the updated contact list – have by now received multiple copies of the same Notice from plaintiffs' counsel, who were authorized to disseminate it by first-class mail, email, text message, and/or social media chat. (Dkt. No. 97, at 21-23.)

Plaintiffs' complaint about the contact list is more difficult to assess. Plaintiffs have not worked at Dun Huang Grand Central since 2019 (pre-pandemic), at which point "there were 4 full-time waitstaffs at any one time (including 1 waitstaff who has the day off)." Pl. Ltr. at 3. Therefore, plaintiffs argue, the updated contact list, which only identifies two current waiters, must be incomplete. *Id*. Similarly, they note that "there is [sic] no cashiers listed after December 28, 2019," and argue that this is because the list does not contain all required information. *Id*. Plaintiffs provide other examples of seemingly missing information and request, as a remedy, that the Court authorize plaintiffs' counsel to post an abbreviated version of the Notice on unidentified "social media sites frequented by the Chinese-American community in the Northeast," and "in the Chinese language newspapers," on two weekdays and two weekend days, at defendants' expense, not to exceed $5,000. *Id*. at 3-4.

2

I am not persuaded that the updated contact list is in fact incomplete, particularly given the effect of the pandemic on New York's restaurants, many of which shut down for a period of time and/or switched to takeout-only, before reopening (if at all) with fewer customers and less staff. Nor am I persuaded that publication on social media sites or in a newspaper aimed broadly at the "Chinese-American immigrant community," Pl. Ltr. at 4, would be an efficient way to reach the former full-time nonexempt kitchen and wait staff at a single restaurant which, at its height, had 11 employees at a time (not all of whom are within the conditionally certified collective).

Consequently, plaintiffs' letter-application is DENIED. Should plaintiffs determine as a result of depositions or other discovery that defendants failed to include one or more specific individuals who should have been included on the updated contact list, they may seek appropriate relief, including sanctions.

Dated: New York, New York
March 16, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**