USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/2/22__

# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324  troylaw@troypllc.com  Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

April 29, 2022

**Via ECF**
Hon. George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

    Re:    **Motion to Compel Defendants to Schedule Dates for Depositions and request for an Extension of Time to Complete Discovery**
            **1:19-cv-11883-GBD** *Chen et al v. Dun Huang Corp et al*

Your Honor,

    This office represents the Plaintiffs in the above-referenced matter. We write respectfully to compel Defendants to appear for depositions in the above referenced matter and for the court to schedule dates for the depositions of defendants. Plaintiffs have asked defendants counsel repeatedly for dates in which plaintiff's counsel can depose their clients but Defendants have not responded to any of plaintiff's emails or calls.

    We request that the deposition be set for **May 9, May 11 through May 13** until the depositions are complete. Alternatively, we are also available **May 16 through May 18.**

    As a result, plaintiff requests this court to schedule depositions dates for the defendants and order them to appear on those dates for their deposition. Further, because the discovery period has ended, plaintiffs respectfully request that the time to complete discovery be extended an additional forty-five (45) days to complete the depositions of Defendants and any post depo discovery if needed. Plaintiffs request that the forty-five days should start after the court rules on plaintiffs' motion to give the parties time to complete the depositions and post depo discovery. This is plaintiffs first request and granting such request will not prejudice any party in the matter.

    On December 20, 2021, Your Honor issued her order on Plaintiffs request for extension of time to complete discovery in the matter. *See* Dkt No. 101. In her order, Your Honor stated that the time to complete discovery will be extended to forty-five (45) days after the opt-in period end of the Conditional Collective Certification.

    Plaintiffs began their sixty (60) day opt in period for their motion for Conditional Collective Certification on January 03, 2022. As a result, sixty (60) days after the start of the opt in period would be March 04, 2022 and the forty-five (45) days after that would be April 18, 2022. This would mean that the Discovery period in the matter will end on April 18, 2022.

Honorable Barbara C. Moses, U.S.M.J.
Southern District Court of New York
1:19-cv-11883-GBD-BCM *Chen et al. v. Dun Huang Corp et al.*
Page 2

   Plaintiffs initial began emailing Defense counsel Richard Qu regarding dates that we can depose his clients back on February 21, 2022. At that time, plaintiff proposed March 16, 2022 as a date plaintiff can depose defendants. On February 28, 2022, Defense counsel had presented that he had a scheduling conflict on March 16, 2022, meaning that he would not be able to attend.

   After Defense counsel presented his unavailability on the date plaintiffs proposed, plaintiffs once again tried to enquired from defense counsel, first on February 28, 2022 and later on March 8, 2022, when a good date to depose his clients would be. It was at this point that Defense counsel stated that he was confused about plaintiff's request to depose his clients before the opt-in period ending. It was here where plaintiffs stated to Defense counsel, Mr. Qu, that we wanted to depose his clients before the opt-in period ended and that we needed depo dates.

   After the email exchanges in early March, Plaintiffs' counsel began to email Defendants on multiple occasions in mid-march and April to get a date for Defendants depositions. Plaintiffs emailed Defendants on March 16, March 17, March 18, April 4, April 16 and April 19, 2022. Plaintiffs further left messages with Defense counsel previously on April 19, 2022. To no avail though, Defense counsel has not returned any of plaintiff's counsels calls or at the very least respond to one of plaintiff's emails. *See* Exhibit 1, Email Chain from February 21 to April 19, 2022. On April 26, 2022, Plaintiffs' counsel called Ge Qu to meet and confer and introduced herself as Tiffany Troy when Mr. Qu hung up on her. Thus, no meet and confer could be had.

   As a result of plaintiffs not being able to depose Defendants clients' plaintiffs have been deeply prejudiced for they have been unable to find out about how the Notices were displayed at the Defendants place of business and how the defendants devised their name list to plaintiff. As the court is aware, they denied plaintiffs Letter motion to compel Defendants to re-post the Notice of Pendency at their place of business, back on March 16, 2022, due to the fact that plaintiffs did not have sufficient information to allege that defendants did not post the Notice correctly. Further, the court in their Order of March 16, 2022 stated that should deposition or other discovery reveal that Defendants failed to include one or more specific individuals who should have been included on the updated contact list then plaintiff may seek sanctions. With this in mind, Defendants were well aware that plaintiff was looking to depose them to find this out and plaintiff believe that Defendants here have acted in bad faith and have maliciously chosen not to return plaintiffs' emails or calls to schedule a deposition.

   Federal Rule of Civil Procedure 26(b)(1) provides for discovery—including depositions—of matters that are nonprivileged, and that are relevant and proportional to the needs of the case considering the importance of the issues, the amount in controversy, relative access to information, the parties' resources, the importance of the discovery to resolving the issues, and the relative burden of the expense involved versus the likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Here in this case the information plaintiff is seeking is important for Defendants could be deceiving the court on things that they have told the court. Further, plaintiff never was able to depose defendants on their practices and policies that they

Honorable Barbara C. Moses, U.S.M.J.
Southern District Court of New York
1:19-cv-11883-GBD-BCM *Chen et al. v. Dun Huang Corp et al.*
*Page 2*

enacted at their place of business and this is essential to the facts of the case and what plaintiffs can and can not hold defendants liable for regarding damages and stipulation of facts.

"The burden of demonstrating relevance is on the party seeking the additional depositions." *Johnson v. Riverhead C. Sch. Dist.*, CV147130DRHAKT, 2016 WL 4507002, at *11 (E.D.N.Y. Aug. 26, 2016) (internal citation omitted). Once the moving party shows the need for the depositions, the trial court has the discretion to grant the motion. *Matusick v. Erie County Water Auth.*, No. 07CV489A, 2009 U.S. Dist. LEXIS 3067, 2009 WL 129439, at *1 (W.D.N.Y. Jan. 16, 2009); *Victory v. Pataki*, No. 02-CV-0031S(sr), 2008 U.S. Dist. LEXIS 76249, 2008 WL 4500202, at *2 (W.D.N.Y. Sept. 30, 2008). Here in this case, there a need for the depositions for Plaintiff would like to depose the defendants on their working practices and policies at Defendants place of business. Further, plaintiff believes that Defendants failed to include people on their update name list that they provided to plaintiff and incorrectly displayed plaintiffs notice of pendency at their place of business. The deposition would have served as a way of finding out if Defendants mislead the court into believing in something that in fact is not true.

Plaintiffs are timely for filing their motion for only ten days have passes since the discovery period has ended and no deadlines have been set regarding the next steps of the case. To the contrary of Defendants might argue plaintiffs had no way of filing this motion earlier for plaintiff was trying to work out dates for depositions and did not want to get to the court involved until the last resort. Further, defendants have no basis to object plaintiffs' motion for they were well aware that plaintiffs wanted to take depositions of them since February 28, 2022. Defendants even acknowledge in their email back to plaintiff on March 14, 2022 that they thought plaintiff wanted to take depositions after the opt in period ended but failed to provide any dates in which plaintiff can depose them. Since defendants have a hard time listening to plaintiffs, plaintiffs conclude that the court should set dates for the defendants to appear for a deposition and order them to appear on those dates.

Plaintiff further requests that the court extend the time to complete discovery for forty-five days (45) so the parties can complete deposition and post depo discovery if needed. Plaintiff believes that the forty-five days should start the day that the court rules on plaintiffs' motion so the parties have enough time to conduct the depositions and if any post deposition discovery needs to be completed. No party will be prejudiced here for the parties have just completed discovery and there is no schedule set in place for dispositive motions or filing of Trial materials.

For the reasons stated above, plaintiff respectfully requests this court to schedule dates that plaintiff can depose defendants and compel defendants to appear on those dates. Further, plaintiff additionally request that the time to complete discovery be extended forty-five (45) days after the court rules on plaintiffs' motion, to allow the parties to conduct depositions and post deposition discovery if needed.

We thank the Court for its time and consideration in this matter.

                                                        Respectfully submitted,
                                                        TROY LAW, PLLC

Honorable Barbara C. Moses, U.S.M.J.
Southern District Court of New York
1:19-cv-11883-GBD-BCM *Chen et al. v. Dun Huang Corp et al.*
*Page 2*

          /s/ John Troy
          John Troy

JT/gd

cc: via ECF
    all counsel of record

> Application GRANTED to the extent that the Court will conduct a discovery conference on **May 16, 2022, at 10:00 a.m**., in Courtroom 20A of the Daniel Patrick Moynihan U.S. Courthouse. Defendants' responding letter is due no later than **May 4, 2022**. Plaintiffs' reply is due no later than **May 6, 2022**. *See* Moses Ind. Prac. § 2(e). The Court notes that plaintiffs do not appear to have served any written notices of deposition. The Court further notes that the moving letter is vague as to *which* of the remaining defendants plaintiffs wish to depose. Promptly upon receipt of this order, plaintiffs shall serve defendants by email with notices of deposition for each proposed witness and shall advise defendants, also by email, how much time they seek with each. If plaintiffs propose to take a corporate deposition, their notice of deposition must "describe with reasonable particularity the matters for examination," as required by Fed. R. Civ. P. 30(b)(6). Plaintiffs shall attach their notices to their reply letter.
>
> **SO ORDERED.**
>
> **Barbara Moses**
> **United States Magistrate Judge**
> **May 2, 2022**

4