

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINXIONG CHEN, et al.,

    Plaintiffs,

-against-

DUN HUANG CORP, et al.,

    Defendants.

19-CV-11883 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at today's discovery conference, plaintiffs' letter-motion to compel defendants to sit for deposition and for related relief (Dkt. No. 117) is GRANTED IN PART, as follows:

1.    Plaintiffs may take the deposition of defendant Shiyang Li, in his individual capacity and as the corporate representative of defendant Dun Huan Corp. pursuant to Fed. R. Civ. P. 30(b)(6), for up to one day (7 hours) in the aggregate.

2.    Plaintiffs may take the deposition of defendant Yang Liu, in his individual capacity, for up to one-half of a day (3.5 hours).

3.    The time allocated for each deposition *includes* translation time, but *excludes* any agreed-upon breaks in the deposition.

4.    The discovery period, which closed on April 18, 2022, is re-opened for 30 days from today, solely for the depositions of Mr. Li and Mr. Liu. Counsel shall promptly meet and confer in good faith to schedule those depositions. All discovery must be completed no later than **June 15, 2022.** No further extensions of that deadline will be granted.

5.    No attorneys' fees or other expenses are assessed pursuant to Fed. R. Civ. P. 37(a)(5). Although plaintiffs made efforts to schedule defendants' deposition well prior to the discovery close, and due to defendants' persistent unresponsiveness had good cause to seek judicial assistance, they unaccountably delayed in seeking that assistance until after the April 18, 2022

discovery close. *See* Dkt. No. 78 ¶ 7 ("Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises . . . . Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely."). These circumstances, in my judgment, would make an award of expenses unjust.

6.      Defendants' counsel advised the Court during today's conference that defendants have not, to date, taken the deposition of either plaintiff, but still hope to do so. However, defendants failed to raise this issue with the Court (or, apparently, with plaintiffs' counsel) at *any* time prior to today. Therefore, to the extent, that defendants may be deemed to have made an oral motion for leave to take the plaintiffs' deposition out of time, that motion is DENIED.

7.      Motions for summary judgment shall be filed no later than **30 days after the close of discovery**. *See* Dkt. No. 78 ¶ 10. That date is now **July 15, 2022**. Any motion (or pre-motion letter) regarding summary judgment shall conform to the individual practices of the district judge.

Dated:  New York, New York
        May 16, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**