USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINXIONG CHEN, et al.,

    Plaintiffs,

-against-

DUN HUANG CORP, et al.,

    Defendants.

19-CV-11883 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiffs' letter-application dated June 4, 2022 (Dkt. No. 123), requesting (1) a "Rule 37.2 Conference" to address "Defendants' willful noncompliance with the court's order to provide the full and complete namelist of all full time kitchen staff and waitstaff," (2) leave to serve new discovery demands on defendants, (3) leave to serve subpoenas on nonparties, including defendants' accountants (known and unknown) and payroll service, and (4) a "brief extension of 30 days," running from the current discovery cutoff of June 15, 2022, to conduct the requested discovery, which is aimed at discovering the identities and contact information of former employees of Dun Huang Grand Central who arguably should have been included on defendants' list of potential FLSA collective members. (Dkt. No. 123 at 1, 3.) Plaintiffs explain that during the recent depositions of defendants Shiyang Li and Yang Lui they learned about three former employees who "should have been included on the name list" and three more whose names defendants "may have been required to provide" on that list. (*Id*. at 2, 3.)

    The letter-application is DENIED to the extent it seeks an order extending the discovery period – yet again – to permit plaintiffs to propound party and non-party discovery demands to follow up on matters arising during the depositions of Li and Lui. The parties' discovery deadlines have been extended multiple times in this action, most recently on May 16, 2022, when the Court reluctantly *reopened* discovery for 30 days, at plaintiffs' request, "solely for the depositions of Mr. Li and Mr. Liu." (Dkt. No. 122 ¶ 4.) At that time, the Court warned: "All discovery must be

completed no later than June 15, 2022. No further extensions of that deadline will be granted." (*Id.* ¶ 5.) Plaintiffs having "unaccountably delayed" in moving to compel the Li and Lui depositions (the only depositions they have taken in this action) until after the prior discovery deadline *expired* (*id.*), they will not be permitted to further delay the case to follow up on information that they claim to have been seeking since at least January 3, 2022, *see* Dkt. No. 102 (complaining about gaps in defendants' contact list), and could have elicited at deposition months ago.

The lettr-application is GRANTED to the extent that the Court will conduct a conference on **June 13, 2022, at 10:00 a.m.** in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, concerning plaintiffs' request for sanctions, which the Court construes as made pursuant to Fed. R. Civ. P. 16(f), for defendants' claimed failure to provide a complete and accurate contact list as required by Dkt. Nos. 97, 101, and 116. Defendants' responding letter is due no later than **June 8, 2022**. Plaintiffs' optional reply letter is due no later than **June 10, 2022**. It is the Court's intention to decide the dispute based on the written record as of the date of the conference and such argument as may be presented there. The parties are reminded that letters signed by lawyers are not evidence. If the recent deposition testimony (or other admissible evidence) bears on the sanctions motion, that evidence must be authenticated and presented to the Court in admissible form.

Dated: New York, New York
    June 6, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**